1  KATHERINE V.A. SMITH, SBN 247866
     ksmith@gibsondunn.com
2  LAUREN M. BLAS, SBN 296823
     lblas@gibsondunn.com
3  GIBSON, DUNN & CRUTCHER LLP
   333 South Grand Avenue
4  Los Angeles, CA  90071-3197
   Telephone:  213.229.7000
5  Facsimile:   213.229.7520

6  MEGAN COONEY, SBN 295174
     mcooney@gibsondunn.com
7  KATIE M. MAGALLANES, SBN 300277
     kmagallanes@gibsondunn.com
8  GIBSON, DUNN & CRUTCHER LLP
   3161 Michelson Drive
9  Irvine, CA  92612-4412
   Telephone:  949.451.3800
10 Facsimile:   949.451.4220

11 Attorneys for Defendant AMAZON.COM
   SERVICES LLC (*formerly known as*
12 AMAZON.COM SERVICES, INC.)

13

14                    UNITED STATES DISTRICT COURT

15                   CENTRAL DISTRICT OF CALIFORNIA

16

17 TERRANCE CLAYBORN, as an              CASE NO.   5:20-cv-02368
   individual and on behalf of all others
   similarly situated,                   **DEFENDANT AMAZON.COM**
18                                        **SERVICES LLC'S, FORMERLY**
                                          **KNOWN AS AMAZON.COM**
19                Plaintiff,              **SERVICES, INC., NOTICE OF**
                                          **REMOVAL OF CLASS ACTION**
20        v.

21 AMAZON.COM SERVICES INC.;              (Riverside County Superior Court Case
   AMAZON.COM SERVICES LLC, a             No. RIC2003845)
22 Delaware limited liability company; and
   DOES 1 through 50, inclusive,          Action Filed:    September 29, 2020
23                                        Trial Date:      None Set
                  Defendants.

24

25

26

27

28

# TABLE OF CONTENTS

<u>Page</u>

I. TIMELINESS OF REMOVAL ...................................................................... 1

II. SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL ............... 2

    A.    The Proposed Class Consists of More than 100 Members ....................... 3

    B.    Amazon and Plaintiff Are Not Citizens of the Same State ...................... 5

    C.    The Amount In Controversy Exceeds $5 Million .................................... 6

        1.    Plaintiff's Request for Waiting Time Penalties Alone Establishes That The Amount In Controversy Exceeds $5 Million.............................................................................................. 8

        2.    Plaintiff's Request for Attorneys' Fees Places An Additional $1.56 Million in Controversy .......................................... 10

        3.    In Total, Just One of Plaintiff's Four Causes of Action, Including Attorneys' Fees, Places More Than $7.8 Million In Controversy................................................................................. 11

III. THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER ............... 12

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alonzo v. Maximus, Inc.*,
  832 F. Supp. 2d 1122 (C.D. Cal. 2011) ....................................................................... 8

*Arias v. Residence Inn by Marriott*,
  936 F.3d 920 (9th Cir. 2019) ........................................................................*passim*

*Ayala v. Cox Auto., Inc.*,
  2016 WL 6561284 (C.D. Cal. Nov. 4, 2016) ............................................................ 5

*Barcia v. Contain-A-Way, Inc.*,
  2009 WL 587844 (S.D. Cal., Mar. 6, 2009) .......................................................... 10

*Campbell v. Vitran Exp., Inc.*,
  471 F. App'x 646 (9th Cir. 2012) ............................................................................. 7

*Crummie v. CertifiedSafety, Inc.*,
  2017 WL 4544747 (N.D. Cal. Oct. 11, 2017) ......................................................... 9

*Dart Cherokee Basin Op. Co., LLC v. Owens*,
  574 U.S. 81 (2014) ............................................................................................... 4, 6, 7

*Ferra v. Loews Hollywood Hotel, LLC*,
  40 Cal. App. 5th 1239 ............................................................................................... 4

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ............................................................................... 10

*Johnson v. Columbia Props. Anchorage, LP*,
  437 F.3d 894 (9th Cir. 2006) ............................................................................... 5, 6

*Kantor v. Wellesley Galleries, Ltd.*,
  704 F.2d 1088 (9th Cir. 1983) ................................................................................. 5

*Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*,
  199 F. Supp. 2d 993 (C.D. Cal. 2002) ..................................................................... 7

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ................................................................... 7

Gibson, Dunn & Crutcher LLP

# TABLE OF AUTHORITIES
(continued)

Page(s)

*LaCross v. Knight Transp. Inc.*,
    775 F.3d 1200 (9th Cir. 2015) .......................................................................... 6

*Lewis v. Verizon Commc'ns, Inc.*,
    627 F.3d 395 (9th Cir. 2010) .............................................................................. 6

*Mamika v. Barca*,
    68 Cal. App. 4th 487 (1998) ............................................................................... 8

*Marentes v. Key Energy Servs. Cal., Inc.*,
    2015 WL 756516 (E.D. Cal. Feb. 23, 2015) ...................................................... 9

*Pineda v. Bank of Am., N.A.*,
    50 Cal. 4th 1389 (2010).......................................................................................8

*Porter v. Amazon.com Services LLC*,
    Case No. 2:20-cv-09496-JVS, Dkt. 1-2................................................................4

*Rippee v. Boston Mkt. Corp.*,
    408 F. Supp. 2d 982 (S.D. Cal. 2005) ................................................................ 7

*Salter v. Quality Carriers, Inc.*,
    974 F.3d 959 (9th Cir. 2020) ........................................................................... 6, 7

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) .............................................................................. 5

*Std. Fire Ins. Co. v. Knowles*,
    568 U.S. 588 (2013)............................................................................................6

*Tajonar v. Echosphere, L.L.C.*,
    2015 WL 4064642 (S.D. Cal. July 2, 2015)....................................................... 9

**Statutes**

28 U.S.C. § 84(c) ................................................................................................. 12

28 U.S.C. § 1332.............................................................................................*passim*

28 U.S.C. § 1441.............................................................................................. 2, 12

28 U.S.C. § 1446.......................................................................................... 1, 12, 13

Gibson, Dunn &
Crutcher LLP

# TABLE OF AUTHORITIES
(continued)

Page(s)

28 U.S.C. § 1453 ............................................................................................ 1, 2, 12

28 U.S.C. § 1711 .................................................................................................. 1

Cal. Civ. Proc. Code § 338 ................................................................................ 2, 8

Cal. Lab. Code § 201 ............................................................................................ 8

Cal. Lab. Code § 202 ............................................................................................ 8

Cal. Lab. Code § 203 ....................................................................................... 7, 8, 9

**Regulations**

29 C.F.R. § 778.211 .............................................................................................. 3

Cal. Code Regs., tit. 8, § 13520 ........................................................................... 8

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF TERRANCE CLAYBORN AND HIS COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT**, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1453, and 1711, Defendant Amazon.com Services LLC (*formerly known as* Amazon.com Services, Inc.) ("Amazon" or "Defendant") hereby removes to the United States District Court for the Central District of California the above-captioned state court action, originally filed as Case No. RIC2003845 in Riverside County Superior Court, State of California.   Removal is proper on the following grounds:

## I.   TIMELINESS OF REMOVAL

1.   Plaintiff Terrance Clayborn ("Plaintiff") filed a putative Class Action Complaint against Amazon[1] in Riverside County Superior Court, State of California, Case No. RIC2003845, on September 29, 2020.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Certificate of Counsel, (e) Notice of Assignment to Department and Case Management Conference, (f) Clerk's Certificate of Mailing, (g) Proof of Service of Summons as to Amazon.com Services, Inc., and (h) Proof of Service of Summons as to Amazon.com Services LLC are attached as Exhibits A–H to the Declaration of Katherine V.A. Smith ("Smith Decl.") filed concurrently here.

2.   According to the proofs of service filed by Plaintiff with the Riverside County Superior Court, Plaintiff personally served Amazon.com Services, Inc. and Amazon.com Services LLC through their registered agent for service of process on October 15, 2020.  *See* Smith Decl. ¶¶ 8–9, Exs. G–H.  Consequently, service was completed on October 15, 2020.  This notice of removal is timely because it is filed within 30 days after service was completed.  28 U.S.C. § 1446(b)(1).

---

[1]  Effective December 30, 2019, Amazon.com Services, Inc. changed its name to Amazon.com Services LLC.  *See* Defendant's Corporate Disclosure Statement, concurrently filed with this Notice.

Gibson, Dunn & Crutcher LLP

## II.    SUMMARY OF ALLEGATIONS AND GROUNDS FOR REMOVAL

3.    Removal is proper under 28 U.S.C. §§ 1441 and 1453 because this Court has subject matter jurisdiction over this action and all claims asserted against Amazon under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

4.    CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8).  This case is a putative "class action" under CAFA because it was brought under California Code of Civil Procedure § 382, California's state statute or rule authorizing an action to be brought by one or more representative persons as a class action.  *See* 28 U.S.C. § 1332(d)(1)(B); *see also* Smith Decl. Ex. B, Class Action Complaint ("Compl.") ¶ 19.

5.    Plaintiff asks the Court "[f]or an order certifying the proposed Class." Smith Decl. Ex. B, Compl., Prayer for Relief ¶ 1.  He seeks to represent two separately identified, but overlapping, groups:  (1) "All current and former non-exempt employees of [Amazon] in the State of California who worked 5 hours or more in any shift and were paid non-discretionary remuneration and their base hourly rate during the same workweek, at any time from April 6, 2016, through the present" and (2) "All current and former employees of [Amazon] in the State of California who were issued wage statements identifying Amazon.com Services, Inc. as the employer at any time from April 6, 2019, through the present." *Id.* ¶ 19.

6.    In his Complaint, Plaintiff alleges four causes of action against Amazon: (1) Violation of Labor Code §§ 226.7 and 512; (2) Violation of Labor Code § 226; (3) Violation of Business and Professions Code §§ 17200, *et seq.*; and (4) Violation of Labor Code §§ 2698, *et seq.  Id.* ¶ 9.

7.    Among other things, Plaintiff alleges that putative class members are entitled to unpaid wages, including premiums for missed meal periods, statutory penalties for late payment of wages and inaccurate wage statements, and attorneys' fees and costs. *See id.*, Prayer for Relief.

Gibson, Dunn &
Crutcher LLP

2

8.      Removal of a class action is proper if: (1) there are at least 100 members in the putative class; (2) there is minimal diversity between the parties, such that at least one class member is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d).

9.      Amazon denies any liability in this case, both as to Plaintiff's individual claims and as to the claims he seeks to pursue on behalf of the putative class.  Amazon also intends to oppose class certification and believes that class or representative treatment is inappropriate under these circumstances in part because there are many material differences between the experiences of Plaintiff and the putative class members he seeks to represent.  Amazon expressly reserves all rights to oppose class certification and to contest the merits of all claims asserted in the Complaint.  However, for purposes of the jurisdictional requirements for removal only, the allegations in Plaintiff's Complaint identify a putative class of more than 100 members and put in controversy, in the aggregate, an amount that exceeds $5 million.  *See* 28 U.S.C. § 1332(d)(5–6).

## A.      The Proposed Class Consists of More than 100 Members

10.      Based on Plaintiff's allegations, this action satisfies CAFA's requirement that the putative class contains at least 100 members.  *See* 28 U.S.C. § 1332(d)(5)(B).

11.      Plaintiff's proposed class includes "[a]ll current and former non-exempt employees of [Amazon] in the State of California who worked 5 hours or more in any shift and were paid non-discretionary remuneration and their base hourly rate during the same workweek, at any time from April 6, 2016, through the present."  Smith Decl., Ex. B, Compl. ¶ 19(a).

12.      Whether employees were paid "nondiscretionary remuneration" in a given workweek is a legal determination that can only be made by the Court or ultimate factfinder.  *See* 29 C.F.R. § 778.211 (discussing various factors to be considered in determining whether a bonus, for example, is discretionary or nondiscretionary, including whether it was promised in advance or in the nature of a gift).  Moreover, it is

Gibson, Dunn & Crutcher LLP

well established that Amazon does *not* need to "prove it actually violated the law" to establish this Court's jurisdiction under CAFA. *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019).  Amazon has no obligation to prove what the Court or factfinder will ultimately decide—whether employees suffered regular rate of pay violations by virtue of earning nondiscretionary sums that were not included in calculating any meal period premiums.[2]  Accordingly, removing the fail-safe aspects of Plaintiff's class definition, the Complaint shows that this class seeks to represent all current and former non-exempt employees in California who worked 5 hours or more in any shift since April 6, 2016.  *See* Smith Decl., Ex. B, Compl. ¶ 19(a).

13.     Based on this definition, and without admitting that Plaintiff's claims have any merit or that any employee received an allegedly inaccurate wage statement or deficient meal period premium, Amazon's records show that there were at least 22,286 full-time, non-exempt employees in California between August 25, 2017 and the present. *See* Smith Decl., Ex. I, Declaration of J.P. Prather submitted in *Porter v. Amazon.com Services LLC*, Case No. 2:20-cv-09496-JVS (SHKx), Dkt. 1-2 ("Prather Decl.") ¶ 3.[3] Because Amazon's full-time employees in California regularly work eight or more hours in a day (Declaration of Zane Brown in Support of Defendant's Notice of Removal of Class Action Complaint ("Brown Decl.") ¶ 3), there are well over 100 individuals who would fall into Plaintiff's putative meal period class because they worked full-time schedules and therefore would have worked 5 hours or more in any shift since April 6, 2016.  In fact, this class size estimate is conservative as it does cover the full four-year limitations period Plaintiff seeks to use and only includes the employees whose

---

[2] Amazon denies that it was required to pay meal period premiums at the regular rate of pay in any event. *Ferra v. Loews Hollywood Hotel, LLC*, 40 Cal. App. 5th 1239, 1245 (2019), *review granted* 456 P.3d 415 (Cal. 2020).

[3] Amazon previously submitted this information with its successful removal of *Porter v. Amazon.com Services LLC*, Case No. 2:20-cv-09496-JVS (SHKx), Dkt. 1, to the United States District Court for the Central District of California.  Amazon reserves the right to present more evidence of the sizes of Plaintiff's putative classes in this action, should "plaintiff contest[], or the court question[]," Amazon's "plausible allegation" regarding class size. *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

1    employment was terminated on or after August 25, 2017.  *See* Smith Decl., Ex. I, Prather

2    Decl. ¶ 3.

3          14.    Therefore, while Amazon denies that class treatment is permissible or

4    appropriate, the proposed class consists of well over 100 members.

5    **B.    Amazon and Plaintiff Are Not Citizens of the Same State**

6          15.    Under CAFA's minimum diversity of citizenship requirement, the plaintiff

7    or any member of the putative class must be a citizen of a different state from any

8    defendant.  *See* 28 U.S.C. § 1332(d)(2)(A).

9          16.    A person is a citizen of the state in which he or she is domiciled.  *Kantor v.*

10   *Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A party's residence is

11   prima facie evidence of his or her domicile.  *Ayala v. Cox Auto., Inc.*, 2016 WL 6561284,

12   at *4 (C.D. Cal. Nov. 4, 2016) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d

13   514, 520 (10th Cir. 1994)).  According to information Plaintiff provided to Amazon,

14   Plaintiff currently resides in California.  Brown Decl. ¶ 4.  Plaintiff is therefore

15   considered a citizen of California for purposes of removal.  *See Ayala*, 2016 WL

16   6561284, at *4.

17         17.    A corporation is a citizen of its state of incorporation and the state of its

18   principal place of business.  28 U.S.C. § 1332(c)(1).  "[A]n LLC is a citizen of every

19   state of which its owners/members are citizens."  *Johnson v. Columbia Props.*

20   *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Effective December 30, 2019,

21   Amazon.com Services, Inc. changed its legal entity name to Amazon.com Services LLC.

22   Brown Decl. ¶ 2.  Accordingly, Amazon.com Services, Inc. and Amazon.com Services

23   LLC refer to the same entity.  Amazon.com Services LLC is a limited liability company

24   organized under the laws of Delaware and has its principal place of business in Seattle,

25   Washington.  *Id.*  Amazon.com, Inc. is the sole member of Amazon.com Services LLC

26   and Amazon.com Services LLC is wholly owned by Amazon.com, Inc., which is a

27   Delaware corporation with its principal place of business in Washington.  *Id.*  As such,

28

1    Amazon is a citizen of Delaware and Washington for purposes of removal. *See* 28

2    U.S.C. § 1332(c)(1); *Johnson*, 437 F.3d at 899.

3        18.    Accordingly, Plaintiff and Amazon are citizens of different states and

4    CAFA's minimal diversity requirement is met.  28 U.S.C. § 1332(d)(2)(A).

5    **C.    The Amount In Controversy Exceeds $5 Million**

6        19.    CAFA requires that the amount in controversy in a class action exceeds $5

7    million, exclusive of interests and costs.  28 U.S.C. § 1332(d)(2).  In calculating the

8    amount in controversy, a court must aggregate the claims of all individual class

9    members.  28 U.S.C. § 1332(d)(6).

10       20.    "[A] defendant's notice of removal need include only a plausible allegation

11   that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*

12   *Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014).  To satisfy this burden, a defendant

13   may rely on a "reasonable" "chain of reasoning" that is based on "reasonable"

14   "assumptions." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

15   "An assumption may be reasonable if it is founded on the allegations of the complaint."

16   *Arias*, 936 F.3d at 925; *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 959 (9th

17   Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of removal need not

18   contain evidentiary submissions but only plausible allegations of jurisdictional

19   elements," quotations and citations omitted).  That is because "[t]he amount in

20   controversy is simply an estimate of the total amount in dispute, not a prospective

21   assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395,

22   400 (9th Cir. 2010).  "[W]hen a defendant seeks federal-court adjudication, the

23   defendant's amount-in-controversy allegation should be accepted when not contested by

24   the plaintiff or questioned by the court." *Dart Cherokee*, 574 U.S. at 87.  Importantly,

25   a plaintiff seeking to represent a putative class cannot "bind the absent class" through

26   statements aimed to limit his recovery in an effort to "avoid removal to federal court."

27   *Std. Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595–96 (2013).

28

21.     Moreover, in assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'"  *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (quoting *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)).  In other words, the focus of the Court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Rippee v. Boston Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

22.     Although Amazon denies that Plaintiff's claims have any merit, for the purposes of meeting the jurisdictional requirements for removal *only*, if Plaintiff were to prevail on every claim and allegation in his Complaint on behalf of the putative class, the requested monetary recovery would exceed $5 million.

23.     Amazon reserves the right to present evidence establishing the amount placed in controversy by each of Plaintiff's claims should Plaintiff challenge whether the jurisdictional amount-in-controversy threshold is satisfied.  *See Dart Cherokee*, 574 U.S. at 87–89; *see also Salter*, 974 F.3d at 964 (holding that only a "factual attack" that "contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings," requires the removing defendant to "support her jurisdictional allegations with competent proof," quotations and citations omitted).  "[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias*, 936 F.3d at 924.  But for present purposes, it is sufficient to note that Plaintiff's request for waiting time penalties pursuant to Labor Code section 203 *alone* puts more than $5 million in controversy.  Amazon has therefore met its burden to establish CAFA jurisdiction exists over this action.

1      **1.      Plaintiff's Request for Waiting Time Penalties Alone Establishes That**
2               **The Amount In Controversy Exceeds $5 Million**

3          24.     Plaintiff alleges that he and other putative class members who were entitled

4   to "meal period premium wages" and ended their employment with Amazon during the

5   three-year period prior to filing this Complaint[4]—September 29, 2017 to September 29,

6   2020—are entitled to "waiting time penalties" under Labor Code section 203.  *See* Smith

7   Decl., Ex. B, Compl. ¶ 37; *see also id.*, Prayer for Relief ¶ 4 (requesting penalties under

8   section 203).

9          25.     If an employer fails to pay all wages due to an employee at the time of

10  termination, as required by Labor Code section 201, or within 72 hours after resignation,

11  as required by Labor Code section 202, then the wages "shall continue as a penalty from

12  the due date thereof at the same rate until paid or until an action therefor is commenced,"

13  for up to a maximum of 30 calendar days.  Cal. Lab. Code § 203(a).  An employer may

14  not be liable for these penalties if a good faith dispute exists as to whether the wages are

15  owed.  *See Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122, 1133 (C.D. Cal. 2011) (citing

16  Cal. Code Regs., tit. 8, § 13520).  Further, to be liable for waiting time penalties, an

17  employer's failure to timely pay wages must be *willful*.  Cal. Lab. Code § 203(a).  "A

18  willful failure to pay wages within the meaning of Labor Code section 203 occurs when

19  an employer *intentionally* fails to pay wages to an employee when those wages are due."

20  Cal. Code Regs., tit. 8, § 13520 (emphasis added).

21         26.     To calculate waiting time penalties, the employee's daily rate of pay is

22  multiplied by a maximum of 30 days, depending on the length of delay in receipt of

23  wages.  *See Mamika v. Barca*, 68 Cal. App. 4th 487, 493 (1998) (holding that the waiting

24  time penalty is "equivalent to the employee's daily wages for each day he or she

25  remained unpaid up to a total of 30 days" and noting that the "critical computation" is

26  "the calculation of a daily wage rate, which can then be multiplied by the number of

27  _____

28  [4]  The statute of limitations for an action under Labor Code section 203 is three years.
Cal. Civ. Proc. Code § 338(a); Cal. Lab. Code § 203(b); *Pineda v. Bank of Am., N.A.*,
50 Cal. 4th 1389, 1399 (2010).

days of nonpayment, up to 30 days"); *Tajonar v. Echosphere, L.L.C.*, 2015 WL 4064642, at *4 (S.D. Cal. July 2, 2015).  Where final "wages [due] are alleged to have not been paid, the full thirty-days may be used for each of the putative class members." *Marentes v. Key Energy Servs. Cal., Inc.*, 2015 WL 756516, at *9 (E.D. Cal. Feb. 23, 2015); *see also Crummie v. CertifiedSafety, Inc.*, 2017 WL 4544747, at *3 (N.D. Cal. Oct. 11, 2017) (where a plaintiff alleges "putative class members were owed (and are still owed)" wages, it is "completely reasonable to assume waiting time penalties accrued to the thirty-day limit").

27.     Amazon denies that any such penalties are owed to Plaintiff or any putative class members.  However, for purposes of this jurisdictional analysis *only*, Amazon relies on Plaintiff's allegations that the penalties are owed.  Plaintiff alleges that Amazon "as a matter of corporate policy and procedure, failed to pay" him "and Class members" "premium compensation at the correct, regular rate of pay for each meal period Plaintiff and the Class members missed" such that he "and other members of the Class" who "are owed additional meal period premium pay" and "who have separated from employment" are "entitled to compensation pursuant to Labor Code" section 203.  Smith Decl., Ex. B, Compl. ¶¶ 33–34, 37.  Plaintiff's claim is therefore derivative of his unpaid meal period claim, which he alleges was the product of a "uniformly administered [] corporate policy." *Id.* ¶ 22.  Based on these allegations, it is reasonable (and very conservative) to assume that at least 10% of the putative class is entitled to the thirty days' wages.  *See Crummie*, 2017 WL 4544747, at *3 (upholding assumption that "waiting time penalties accrued to the thirty-day limit" based on allegations of a pattern or practice of withholding wages owed).

28.     Amazon's records reflect that more than 22,286 full-time, permanent employees in California resigned or were terminated between August 25, 2017 to August 25, 2020.  Smith Decl., Ex. I, Prather Decl. ¶ 3(a).  This is only a fraction of the putative class Plaintiff seeks to represent as it does not include part-time or seasonal employees in California who may also have been entitled to meal periods.  The average hourly pay

rate for those 22,286 employees during that three-year time period was $15.65. *Id.* ¶ 3(b).

29. Even if, viewing Plaintiff's allegations conservatively, approximately 7.5% of the individuals who left Amazon's employment during the three years preceding the filing of the Complaint—or 1,671 employees—were owed meal period premium wages and did not receive them, the amount in controversy with respect to the waiting time penalties claim for full-time, non-exempt employees alone would be approximately **$6.27 million**, calculated as follows:

| | |
|---|---|
| $15.65 average hourly rate x 8 hours per day: | $125.20 daily rate |
| $125.20 x 30 days maximum penalty: | $3,756 per employee |
| Amount in controversy for waiting time penalties, based on Plaintiff's allegations ($3,756 x 1,671 employees): | **$6,276,276** |

## 2. Plaintiff's Request for Attorneys' Fees Places An Additional $1.56 Million in Controversy

30. Plaintiff also explicitly seeks attorneys' fees should he recover under any of the claims in this action. *See* Smith Decl., Ex. B., Compl., Prayer For Relief ¶¶ 4–5, 7–8. Prospective attorneys' fees are properly included in the amount in controversy for purposes of evaluating CAFA jurisdiction. *See Arias*, 936 F.3d at 922 ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy."). Under the Ninth Circuit's well-established precedent, 25% of the common fund is generally used as a benchmark for an award of attorneys' fees. *See Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998); *Barcia v. Contain-A-Way, Inc.*, 2009 WL 587844, at *5 (S.D. Cal., Mar. 6, 2009) ("In wage and hour cases, [t]wenty-five percent is considered a benchmark for attorneys' fees in common fund cases," quotations and citations omitted).

31. Here, Amazon has established that the total amount in controversy is at least $6.2 million based on Plaintiff's waiting time penalty claim, and Plaintiff has not indicated that he will seek less than 25% of a common fund in attorneys' fees. *See* Smith

Decl., Ex. B, Compl., Prayer For Relief ¶¶ 4–5, 7–8 (seeking attorneys' fees).  Although Amazon has shown that the amount in controversy absent attorneys' fees surpasses the jurisdictional threshold, this Court should nevertheless include the potential attorneys' fees in evaluating jurisdiction.  *See Arias*, 936 F.3d at 922.  Amazon denies that any such attorneys' fees are owed to Plaintiff or putative class members.  However, for purposes of this jurisdictional analysis only, Amazon relies on Plaintiff's allegations that the attorneys' fees are owed.

32.    Using a twenty-five percent benchmark figure for attorneys' fees for Plaintiff's allegations regarding his waiting time penalties claim results in estimated attorney's fees of approximately **$1.56 million**, calculated as follows:

| Conservative Estimate of Amount in Controversy for Waiting Time Penalties: | $6,276,276 |
|---|---|
| Attorneys' Fees Benchmark: | 25% |
| Attorneys' Fees: | **$1,569,069** |

### 3.    In Total, Just One of Plaintiff's Four Causes of Action, Including Attorneys' Fees, Places More Than $7.8 Million In Controversy

33.    Plaintiff's allegations regarding Amazon's alleged failure to timely pay wages or waiting time penalties place $6.27 million in controversy and Plaintiff's request for attorneys' fees places an additional $1.56 million in controversy.  In total, this means that Plaintiff's Complaint conservatively places at least $7.8 million in controversy.

34.    These figures are under-inclusive of the actual amount placed in controversy because they are based on conservative assumptions about Plaintiff's putative class allegations and do not account for, among other things, the underpaid meal period premiums Plaintiff claims he and the putative class are owed (First Cause of Action), or any recovery for failure to provide accurate wage statements (Second Cause of Action), violation of the Business and Professions Code (Third Cause of Action), or penalties under the Private Attorneys General Act (Fourth Cause of Action).  *See* Smith

Decl., Ex. B., Compl.

35. Plaintiff's allegations therefore place more than the requisite $5 million in controversy. The jurisdictional amount-in-controversy requirement is met, and removal to this Court is proper under CAFA.

## III.   THIS COURT HAS JURISDICTION AND REMOVAL IS PROPER

36. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because:

    a)   This is a civil action which is a class action within the meaning of § 1332(d)(1)(B);

    b)   The action involves a putative class of at least 100 persons as required by § 1332(d)(5)(B);

    c)   The amount in controversy exceeds $5 million, exclusive of interest and costs, as required by § 1332(d)(2); and

    d)   At least one member of the putative class is a citizen of a state different from that of any defendant as required by § 1332(d)(2)(A).

Accordingly, this action is properly removable under 28 U.S.C. §§ 1441, 1446, and 1453.

37. The United States District Court for the Central District of California is the federal judicial district in which the Riverside County Superior Court sits. This action was originally filed in the Riverside County Superior Court, rendering venue in this federal judicial district proper. 28 U.S.C. § 84(c); *see also* 28 U.S.C. § 1441(a).

38. True and correct copies of the (a) Summons, (b) Class Action Complaint, (c) Civil Case Cover Sheet, (d) Certificate of Counsel, (e) Notice of Assignment to Department and Case Management Conference, (f) Clerk's Certificate of Mailing, (g) Proof of Service of Summons as to Amazon.com Services, Inc., and (h) Proof of Service of Summons as to Amazon.com Services LLC are attached as Exhibits A–H to the Declaration of Katherine V.A. Smith, filed concurrently herewith. These filings constitute the complete record of all records and proceedings in the state court.

Gibson, Dunn &
Crutcher LLP

1    39.    Upon filing the Notice of Removal, Amazon will furnish written notice to

2    Plaintiff's counsel, and will file and serve a copy of this Notice with the Clerk of the

3    Riverside County Superior Court, pursuant to 28 U.S.C. § 1446(d).

4

5    Dated:  November 13, 2020

6                                              KATHERINE V.A. SMITH
                                               LAUREN M. BLAS
7                                              MEGAN COONEY
                                               KATIE M. MAGALLANES
8                                              GIBSON, DUNN & CRUTCHER LLP

9

10                                             By:   /s/ Katherine V.A. Smith
                                                         Katherine V.A. Smith
11
                                               Attorneys for Defendant AMAZON.COM
12                                             SERVICES LLC (*formerly known as*
                                               AMAZON.COM SERVICES, INC.)
13

14
     104196296.12
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Gibson, Dunn &
Crutcher LLP

                                        13